UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUBALI STOKES,

        Petitioner,

v.                                                     Case No. 10-C-741

UNITED STATES OF AMERICA,

        Respondent.

**ORDER**

On August 30, 2010, Jubali Stokes filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to a count of conspiracy to distribute crack and received a twenty-year mandatory minimum sentence due to his prior conviction of a felony in Illinois. He now asserts that his counsel was ineffective for failing to challenge whether that conviction constituted a qualifying felony.

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading . . . .

Rule 4, Rules Governing § 2255 Proceedings.

During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable claims under § 2255. Here, it is clear that Petitioner does not have a meritorious

argument to support his motion. Stokes argues that his attorney was ineffective for failing to file a written objection to the information, as required by 21 U.S.C. § 851(c), and that this prejudiced his ability to challenge the applicability of the prior Illinois conviction. He asserts that the government never proved that he had been convicted of a felony in Illinois and his counsel erred because he failed to challenge the prosecutor's statement that Stokes had been convicted after entering a plea of guilty. (He asserts that he was convicted after an Illinois bench trial, not a plea.)

But Stokes' counsel never filed a written objection to the information because, as the Seventh Circuit has concluded, such an objection would have been frivolous. Counsel filed an *Anders* brief on appeal, and in dismissing the appeal the Seventh Circuit found as follows:

> Counsel and Stokes both consider whether Stokes could challenge the imposition of a 20-year mandatory minimum prison sentence. In his Rule 51(b) response, Stokes tells us that he received probation for his state drug offense and asserts that it therefore does not count as a "prior conviction for a felony drug offense" for purposes of § 841(b)(1)(A). But Stokes did not file a written objection to the information as required by 21 U.S.C. § 851(c), and his counsel correctly conceded at sentencing that the conviction "clearly is a felony in Illinois, and it clearly is punishable under Illinois [law] by more than one year." Regardless, the argument is frivolous because a drug offense need only be punishable by imprisonment for more than one year to qualify as a felony, 21 U.S.C. § 802(44); *Burgess v. United States*, 553 U.S. 124 (2008), and a sentence of probation does not affect that classification, *see United States v. Graham,* 315 F.3d 777, 783 (7th Cir. 2003).

(Dkt. 207, Ex. 1.)

Thus, the Seventh Circuit already considered and rejected this argument in Stokes' appeal. His counsel's failure to file a written objection or otherwise challenge the prior conviction was not ineffective assistance because such efforts would have been fruitless.[1] Stokes also argues that counsel was ineffective for failing to make the government prove that the substance he was charged

---

[1] The fact that the prosecutor might have referred to a prior "plea" when Stokes was convicted in a trial is not material to the outcome here.

2

with conspiracy to distribute was actually crack when it could have been some other form of cocaine base. He states that if counsel had demanded a hearing to investigate whether what Stokes dealt in was crack, his guideline base offense level would have been much lower. Even so, Stokes does not assert that he *actually* dealt in something other than crack cocaine. As such, he cannot demonstrate prejudice resulting from the lack of a hearing on the issue. Moreover, his sentence was based on the mandatory minimum, not on the guidelines calculation, which means that even a successful objection to the base offense level would not have changed his sentence.

For the reasons given above, the motion to vacate is **DENIED** and the case is **DISMISSED**. I further certify that Petitioner has not demonstrated the denial of any constitutional rights and that reasonable jurists could not debate the outcome. Accordingly, a certificate of appealability is **DENIED**.

**SO ORDERED** this   27th   day of September, 2010.

     s/ William C. Griesbach
William C. Griesbach
United States District Judge